UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JOHN ROGACKI,

                              Plaintiff,

                                                          Case # 15-CV-716-FPG

v.

                                                          DECISION & ORDER

CAROLYN W. COLVIN,
ACTING COMMISSIONER OF
SOCIAL SECURITY,

                              Defendant.

## INTRODUCTION

Plaintiff John Rogacki ("Plaintiff") brings this action to challenge the final decision of

the Acting Commissioner of Social Security ("the Commissioner") denying Plaintiff's

application for disability insurance benefits ("DIB") under Title II of the Social Security Act

("the Act"). ECF No. 1.  The Court has jurisdiction over this matter under 42 U.S.C. § 405(g).

Both parties have moved for judgment on the pleadings pursuant to Rule 12(c) of the

Federal Rules of Civil Procedure.  ECF Nos. 9, 11.  For the reasons stated below, Plaintiff's

Motion (ECF No. 9) is DENIED and the Commissioner's Motion (ECF No. 11) is GRANTED.

## BACKGROUND

On May 3, 2012, Plaintiff protectively filed an application for DIB under the Act.  Tr.[1]

20.  Plaintiff alleges disability since June 9, 2009 due to Chron's disease, macular degeneration,

several hernia operations, left hip pain, depression, and anxiety.  Tr. 132.  After his application

was denied, a hearing was held before Administrative Law Judge Grenville W. Harrop, Jr. ("the

ALJ") on November 19, 2013.  Tr. 35-58.  At the hearing, Plaintiff appeared with his attorney

---

[1]        References to "Tr." are to the administrative record in this matter.

and testified. *Id.* On February 25, 2014, after considering Plaintiff's application *de novo*, the ALJ issued a decision finding that Plaintiff is not disabled within the meaning of the Act. Tr. 20-28. That decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review on April 1, 2015. Tr. 1-4. Plaintiff then filed this civil action. ECF No. 1.

## LEGAL STANDARDS

### I.      Disability Determination

The Act defines "disability" as "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d). Social Security Administration ("SSA") regulations outline the five-step process used to determine whether a claimant is "disabled" under the Act. 20 C.F.R. § 404.1520.

First, the ALJ must determine whether the claimant is engaged in any substantial gainful work activity. 20 C.F.R. § 404.1520(b). If so, the claimant is not disabled. *Id.* If not, the ALJ proceeds to step two and determines whether the claimant has a "severe" impairment or combination of impairments. 20 C.F.R. § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, the claimant is not disabled. *Id.* If the claimant does, the analysis proceeds to step three.

At step three, the ALJ must determine whether the claimant has an impairment (or combination of impairments) that meets or medically equals one of the conditions listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 of the regulations ("the Listings"). If the impairment does meet or equal a condition in the Listings and the durational requirement (20 C.F.R. § 404.1509) is satisfied, then the claimant is disabled. 20 C.F.R. § 404.1520(d). If it does not, the

2

ALJ will make a finding regarding the claimant's residual functional capacity ("RFC"), which is an assessment of what the claimant can still do despite his or her limitations. 20 C.F.R. § 404.1545(a)(1). The RFC is then used at steps four and five. 20 C.F.R. § 404.1520(e).

The fourth inquiry is whether, given the claimant's RFC, the claimant can still perform his or her past relevant work. 20 C.F.R. § 404.1520(f). If the claimant can perform his or her past relevant work, the claimant is not disabled. *Id.* If he or she cannot, the ALJ proceeds to step five.

At the fifth and final step, the ALJ must consider the claimant's RFC as well as his or her age, education, and work experience to determine whether the claimant can make an adjustment to other work for which there are a significant number of jobs in the national economy. 20 C.F.R. § 404.1520(g). If the claimant can make an adjustment to other work, then the claimant is not disabled. *Id.* If the claimant cannot make that adjustment, then the claimant is disabled. *Id.*

The burden of proving the first four elements is on the claimant, and the burden of proving the fifth element is on the Commissioner. *Bush v. Shalala*, 94 F.3d 40, 44-45 (2d Cir. 1996); *Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982).

## II.      District Court Review

District Court review of the Commissioner's decision is not *de novo*. *See, e.g.*, *Richardson v. Barnhart*, 443 F. Supp. 2d 411, 416 (W.D.N.Y. 2006) (quoting *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999)). The Commissioner's decision may only be set aside if it is not supported by "substantial evidence" or is the product of legal error. *See, e.g.*, *Miller v. Colvin*, 85 F. Supp. 3d 742, 749 (W.D.N.Y. 2015); *Burgess v. Astrue*, 537 F.3d 117, 127 (2d Cir. 2008) (quoting *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000)). Substantial evidence means "more than a mere scintilla" and is "such relevant evidence as a reasonable mind might accept as

adequate to support a conclusion." *Burgess*, 537 F.3d at 127 (quoting *Halloran v. Barnhart*, 362 F.3d 28, 31 (2d Cir. 2004)) (internal quotation marks omitted).

## DISCUSSION

**I.      The ALJ's Decision**

In this case, the ALJ analyzed Plaintiff's claim for benefits under the process described above.  At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since June 9, 2009, his alleged onset date.  Tr. 22.  At step two, the ALJ found that Plaintiff suffers from the following severe impairments: Chron's disease, left hip pain, and inguinal hernias.  *Id.*  At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals any impairment in the Listings.  Tr. 25.

The ALJ then determined that Plaintiff retains the RFC to perform light work[2] except that he "has moderate limitations in repetitive heavy lifting, bending, and carrying . . . may have mild impairment in the ability to perform complex tasks independently due to distractibility, and needs to take five to six restroom breaks per day resulting in being off task up to five percent of the work day."  Tr. 25-28.

At step four, the ALJ found that Plaintiff has the RFC to perform his past relevant work as a dispatcher and general manager.  Tr. 28.  Accordingly, the ALJ concluded that Plaintiff is not disabled under the Act.  *Id.*

---

[2]      "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds.  Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls.  To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.  If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time."  20 C.F.R. § 404.1567(b).

## II.        Plaintiff's Challenges to the ALJ's Decision

Plaintiff argues that remand is warranted because the ALJ's RFC determination is not supported by substantial evidence.  ECF No. 9-1, at 9-10.[3]  In particular, Plaintiff argues that the ALJ should have included in the RFC (1) a limitation regarding Plaintiff's visual acuity, (2) lifting restrictions due to Plaintiff's hernia operations, and (3) additional bathroom break accommodations due to Plaintiff's Chron's disease.  *Id.*  The Court will address each of these suggested limitations in turn.

### 1.        Visual Acuity

According to Plaintiff, the ALJ "in no way took into consideration [his] allegation of difficulties with visual acuity" despite "evidence in the record that [he] does have some limitation in his visual acuity."  ECF No. 9-1, at 9.  This argument fails because Plaintiff mischaracterizes both the ALJ's decision and the relevant legal standard.

Plaintiff was diagnosed with age-related macular degeneration of the right eye on June 9, 2009 by Mendhi Khan, D.O. ("Dr. Khan") and was told to treat the condition with multivitamins. Tr. 397.  With respect to his functional capacity, Plaintiff reported that he "can't see well enough to do the easiest of things to the [most] tedious of tasks."  Tr. 146.  However, Theodore P. Prawak, M.D. ("Dr. Prawak") performed a consultative ophthalmologic examination of Plaintiff and opined that Plaintiff's eyesight was "good enough to operate safely a motor vehicle, read, and climb heights, but not to operate potentially dangerous machinery."  Tr. 469.

Contrary to Plaintiff's characterization, the ALJ discussed this evidence in his decision and also noted that Plaintiff has not sought out any other treatment for his eyesight.  Tr. 22-23. The ALJ ultimately found that Plaintiff's statements regarding his vision were not entirely

---

[3]        Plaintiff also argues that "if the ALJ had considered a lesser RFC . . . such a lesser RFC may have allowed an analysis under Medical Vocational Rule 202.14, which with a Sedentary RFC may have resulted in a finding of disabled."  ECF No. 9-1, at 10.  Because the ALJ's actual RFC determination is supported by substantial evidence, this argument is moot.

credible and gave great weight to Dr. Prawak's opinion.  Tr. 26-27.  Accordingly, the ALJ concluded that Plaintiff's age-related macular degeneration is not a severe impairment and did not include any vision-related limitations in Plaintiff's RFC.  Tr. 23, 27.

Plaintiff's argument is also based on a mischaracterization of the relevant legal standard. The question at issue is not whether there is, as Plaintiff puts it, "evidence in the record that the claimant does have some limitation in his visual acuity."  ECF No. 9-1, at 9.  Rather, the question at hand is whether *the ALJ's conclusions* are supported by substantial evidence. *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) ("In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard.") (internal quotation marks omitted).  If the ALJ's conclusions are supported by substantial evidence, then those conclusions must be upheld even if there is also substantial evidence for the claimant's position.  *Kessler v. Colvin*, 48 F. Supp. 3d 578, 589-90 (S.D.N.Y. 2014); *see also DeChirico v. Callahan*, 134 F.3d 1177, 1182 (2d Cir. 1998); *Peterson Moore v. Colvin*, No. 14-CV-583, 2016 WL 1357606, at *3 (W.D.N.Y. Apr. 6, 2016).  As stated above, substantial evidence means "more than a mere scintilla" and is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Burgess*, 537 F.3d at 127 (quoting *Halloran v. Barnhart*, 362 F.3d 28, 31 (2d Cir. 2004)) (internal quotation marks omitted).

Here, the ALJ's conclusion—that Plaintiff's macular degeneration does not significantly limit his ability to function—is supported by the opinion of Dr. Prawak, Tr. 469, the fact that Dr. Khan suggested Plaintiff treat his condition with multivitamins, Tr. 397, and the fact that Plaintiff has not engaged in any other significant treatment.  Plaintiff does not challenge the ALJ's credibility determination or the weight given to Dr. Prawak's opinion.  ECF No. 9-1.

Therefore, the ALJ was justified in deciding not to include any limitations regarding Plaintiff's visual acuity in the RFC.

### 2.      Lifting Restrictions

Plaintiff also argues that the ALJ erred by finding that Plaintiff can perform the full range of light work "in spite of [Plaintiff's] history of both prior hernia repairs, as well as bilateral inguinal hernias as of the date of the hearing."  ECF No. 9-1, at 10.  Specifically, Plaintiff submits that "the full range of [l]ight work would not be possible" because consultative examiner Donna Miller, D.O. ("Dr. Miller") "opined that [Plaintiff] would have moderate difficulty with repetitive heavy lifting, bending, and carrying."  *Id.*

This argument fails simply because the ALJ did not actually conclude that Plaintiff could perform the full range of light work.  Tr. 25.  In fact, the ALJ discussed Dr. Miller's opinion at length in his decision, afforded it great weight, and incorporated it into the RFC assessment by finding that Plaintiff "has moderate limitations in repetitive heavy lifting, bending, and carrying."  *See* Tr. 27 (discussing Dr. Miller's report), Tr. 28 (assigning great weight to Dr. Miller's opinion), Tr. 25 (RFC assessment).

### 3.      Additional Bathroom Break Accommodations

Lastly, Plaintiff argues that the RFC should have included additional bathroom break accommodations due to Plaintiff's Chron's disease.  ECF No. 9-1, at 9-10.  This argument fails because the ALJ's decision about the number of bathroom breaks Plaintiff needs is supported by substantial evidence.

Plaintiff was diagnosed with Chron's disease at the age of 12.  Tr. 154.  At the age of 20, Plaintiff underwent a small bowel resection.  Tr. 189.  At his hearing before the ALJ, Plaintiff testified that Chron's disease causes him to have to use the bathroom about 10-12 times per day, sometimes without warning.  Tr. 42-43.  However, Plaintiff denied any diarrhea, loose bowel

movement, or incontinence of the stool when he was evaluated by Ravi Kumar, M.D. ("Dr. Kumar") at Alden Medical Group for a new patient visit on June 16, 2009. Tr. 441. Dr. Kumar referred Plaintiff to a gastroenterologist for management of his Chron's disease, Tr. 443, but the ALJ noted in his decision that no records from a gastroenterologist were supplied. Tr. 26. Plaintiff next returned to Alden Medical Group on April 5, 2011, almost two years later. Tr. 440.

Because Plaintiff was able to maintain steady employment for many years[4] despite his Chron's disease, and the evidence in the record shows no reports of exacerbation or worsening of Plaintiff's symptoms since Plaintiff stopped working, the ALJ found that Plaintiff's statements about the severity of his symptoms were not entirely credible. Tr. 26. Again, it is important to note that Plaintiff does not challenge this credibility determination. ECF No. 9-1. Ultimately, the ALJ concluded that Plaintiff "needs to take five to six restroom breaks per day resulting in being off task up to five percent of the work day." Tr. 25.

Although Plaintiff argues that additional bathroom break accommodations "are consistent with the [Plaintiff's] history of bowel resection, and Chron's diagnosed by colonoscopy," this Court's role is simply to determine whether the ALJ's conclusions are supported by substantial evidence and in accordance with the correct legal standard. *See, e.g.*, *Talavera*, 697 F.3d at 151. If the ALJ's conclusions are supported by substantial evidence, then those conclusions must be upheld even if there is also substantial evidence for the claimant's position. *Kessler v. Colvin*, 48 F. Supp. 3d 578, 589-90 (S.D.N.Y. 2014); *see also DeChirico v. Callahan*, 134 F.3d 1177, 1182 (2d Cir. 1998); *Peterson Moore v. Colvin*, No. 14-CV-583, 2016 WL 1357606, at *3 (W.D.N.Y. Apr. 6, 2016). Given the evidence in the record regarding the severity of Plaintiff's symptoms and the ALJ's unchallenged credibility determination, the ALJ was justified in concluding that Plaintiff needs only five to six restroom breaks per day.

---

[4]     Plaintiff reported that he worked as an operations manager from September 1981 to May 2008, and then as a dispatcher from July 2008 to October 2008. Tr. 133.

## CONCLUSION

For the reasons stated above, Plaintiff's Motion for Judgment on the Pleadings (ECF No. 9) is DENIED and the Commissioner's Motion for Judgment on the Pleadings (ECF No. 11) is GRANTED.  Plaintiff's Complaint (ECF No. 1) is DISMISSED WITH PREJUDICE.  The Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: August 19, 2016
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court